# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHEILA DENISE PIDDOCK,
Individually and on behalf of all
other similarly situated individuals,                    Case No.

             Plaintiff,                    Hon.

V

COMMUNITY RESIDENCE CORPORATION,

             Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the Complaint

## COMPLAINT AND JURY DEMAND

Plaintiff Sheila Denise Piddock ("Plaintiff"), by and through her attorneys,

HURWITZ LAW PLLC, individually and on behalf of all other similarly situated

individuals, hereby brings the following action against Defendant Community

Residence Corporation d/b/a Community Alliance ("Defendant") pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § § 201, *et seq*., and alleges as follows:

## **INTRODUCTION**

1.    This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief against Defendant for its willful violation of § 207(a) of the FLSA for failure to compensate Plaintiff and other similarly situated employees their overtime wages for all hours worked in excess of forty (40) hours a week.

2.    Defendant is a third-party employer who employs Plaintiffs for companionship services and is subject to 29 CFR § 552.109.

3.    Defendant employs Plaintiff as part of its Direct Care Staff. Plaintiff serves as the companion to two individuals with developmental disabilities in her community. Her workdays often begin promptly at 4:00 AM, whereupon she continuously provides fellowship and protection for both individuals until 12:00 AM the following morning. Plaintiff sleeps approximately three hours a night. She is 65 years old.

4.    Defendant suffered and permitted Plaintiffs to regularly work more than forty (40) hours per workweek, while not compensating Direct Care Staff for

all such hours worked over forty (40) at a rate of at least one and one-half times her regular rate of pay.

5.      This action is brought pursuant to the opt-in collective action provisions of the FLSA, 29 U.S.C. § 216(b) (sometimes referred to as an "opt-in" class action).

6.      Plaintiff brings this action on her own behalf and on behalf of all other Direct Care Staff of Defendant, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures Defendant.  In addition, Plaintiff brings this action in her individual capacity, separate and apart from the collective action claims set forth herein.

## PARTIES AND JURISDICTION

7.      Plaintiff Sheila Denise Piddock is an individual residing in Jackson, Michigan, which is located in Jackson County.

8.      Defendant Community Residence Corporation is a domestic nonprofit corporation with its resident business address in Ypsilanti, Michigan, which is located in Washtenaw County.

9.      This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is bringing claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

10.     Venue is proper in this Court because Defendant's registered business address is located within the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

11.     Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

12.     Defendant is a third-party staffing agency of Direct Care Staff responsible for providing hands-on services to assist individuals with developmental disabilities.

13.     At all relevant times, Plaintiff is an employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

14.     Further, 29 U.S.C. § 207(1) enumerates domestic service workers which, pursuant to 29 C.F.R. § 552.3, includes companions like Plaintiff, as entitled to individual FLSA coverage, as such employment affects interstate commerce.  29 U.S.C. § 202(a).

15.     Defendant has the authority to hire, fire and discipline employees, including Plaintiff.

16.     Defendant has the authority to set rates and methods of compensation of Plaintiff.

17.     Defendant has the authority to control the work schedule and employment conditions of Plaintiff.

18.     Defendant has the ultimate authority and control of Plaintiff's employment records.

19.     Defendant maintains control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

20.     Defendant is involved in the employment decisions of Plaintiff, including, but not limited to, decisions of Defendant's wage and hour policies and practices that affect Direct Care Staff.

21.     Defendant benefits from the work Plaintiff performs.

22.     Plaintiff has no ability or opportunity to make a profit while performing her duties and instead earns only her hourly wage (*i.e.*, $15.50/hour).

23.     "Third party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services."  29 C.F.R. § 552.109.

24.     Defendant employs Plaintiff and other Direct Care Staff for companionship services, namely the fellowship and protection of individuals with disabilities who require assistance in caring for themselves.

25.     These individuals are referred to as "consumers."

26.     Plaintiff engages the consumer in social, physical, and mental activities, such as conversation, reading, games, crafts, accompanying the person on walks, on errands, to appointments, or to social events.

27.     Plaintiff is present with the consumer in their home, or accompanies the consumer when outside of the home, to monitor the person's safety and well-being.

28.     Plaintiff provides care to the consumer, including:

    a.     Activities of Daily Living (ADLs) such as dressing, grooming, feeding, bathing, toileting and transferring; and

    b.     Instrumental Activities of Daily Living (IADLs) which are tasks that enable a person to live independently at home, such as meal preparation, driving, light housework, managing finances, assistance with the physical taking of medications, and arranging medical care.

29.     Plaintiff spends more than 20 percent of her workweek performing care services.

30.     Plaintiff was paid on an hourly basis and was not exempt from the overtime requirements of the FLSA.

31.     Plaintiff's job description on Defendant's website expressly states that she is *not* exempt from overtime. https://communityalliance-mi.org/images/employment/HR_2019_DCS_Job_Description.pdf

32.     Plaintiff regularly works more than forty (40) hours in a workweek.

33.    For example, during the week of October 18, 2021, Plaintiff worked 122 hours and was paid straight time only for all hours worked, earning $1,891 ((40 hours x $15.50) + (82 overtime hours x $15.50)).

34.    Defendant deprived Plaintiff $635.50 ($7.75 x 82 overtime hours).

35.    In another example, during the week of February 14, 2022, Plaintiff worked 138 hours and was paid straight time only for all hours worked, earning $2,139 ((40 hours x $15.50) + (98 overtime hours x $15.50)).

36.    Defendant deprived Plaintiff of $759.50 ($7.75 x 98 overtime hours).

37.    Upon information and belief, Defendant, at all relevant times hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States.

38.    Defendant had knowledge of and acted willfully in regard to its conduct described herein.

39.    Plaintiff is required to follow and comply with Defendant's rules, policies, and procedures, without exercising independent judgment.

40.    Plaintiff is not able to delegate any aspect of her work to others and instead is required to personally perform all of her job duties.

41.    Plaintiff is not free to accept employment by others while working for Defendant.

42.     Plaintiff is not in business for herself and truly independent, but instead economically dependent upon Defendant for employment.

43.     Plaintiff's performance is integral to Defendant's business.

44.     Plaintiff's financial investment is minor when compared to that of Defendant.

45.     Plaintiff is aware of other current and former employees of Defendant who are and were subject to the same payroll practice.

46.     Defendant is in possession and control of necessary documents and information from which plaintiff would be able to precisely calculate damages.

47.     With respect to the collective action claims under the FLSA, the collective action class is defined as (a) all current and former Direct Care Staff who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF**
**PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER**
**SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER**

48.     Plaintiff restates the foregoing paragraphs as if fully set forth herein.

49.     At all relevant times, Plaintiffs were Defendant's employees within the meaning of the FLSA.  29 U.S.C. § 201, *et seq*.

8

50.     At all relevant times, Defendant is an employer within the meaning of the FLSA.  29 U.S.C. § 201, *et seq*.

51.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.  29 U.S.C. § 203.

52.     The FLSA requires employers to pay employees one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) hours per week.  29 U.S.C. § 207.

53.     Defendant has a policy and practice of failing and refusing to pay Plaintiffs at a rate of one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) in violation of the FLSA.

54.     Plaintiffs regularly worked in excess of 40 hours in a workweek.

55.     Defendant violated the FLSA by, *inter alia*, failing to compensate Plaintiffs at time-and-one-half times their regular rate for any hours worked over forty (40) hours in a workweek.

56.     Defendant knew or should have known of the overtime payment requirements of the FLSA.  Defendant was doubtlessly aware of the January 1, 2015 exemption elimination for third party employers, yet Defendant willfully withheld and failed to pay the overtime compensation to Plaintiff, who provides companionship services, domestic services, home care, and/or other in-home

9

service. *See* FLSA of 1938, § 13(a)(15), 29 U.S.C. § 213(a)(15), (21); 29 C.F.R. §

552.109(a), (c), 552.6; *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017

WL 479196, at *1 (S.D. Ohio Feb. 27, 2018).

57.    Defendant's conduct in this regard was a willful violation of the FLSA.

58.    The exact total amount of compensation, including overtime

compensation, that Defendant has failed to pay Plaintiff is unknown at this time, as

many of the records necessary to make such precise calculations are in the possession

of Defendant or were not kept by Defendant.

59.    As a result of Defendant's unlawful acts, Plaintiff and all other current

and former Direct Care Staff are being deprived of earned wages in amounts to be

determined at trial.  They are entitled to compensation for unpaid overtime wages,

interest, liquidated damages, attorneys' fees and costs, and any other remedies

available at law or in equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sheila Denise Piddock prays for judgment against

Defendant as follows:

(A)    Designation of this action as a collective action pursuant to the FLSA
       and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

(B)    An award of unpaid overtime wages under the FLSA;

(C)    An award of unpaid wages for compensable hours under the FSLA;

(D)    An award of unaccrued vacation time under the FLSA;

(E)     An award of liquidated damages under the FLSA;

(F)     Interest;

(G)     Attorneys' fees and costs under the FLSA; and

(H)     Such other relief as in law or equity may pertain.


Respectfully Submitted,
HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
617 Detroit St., STE 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: April 5, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHEILA DENISE PIDDOCK,
Individually and on behalf of all
other similarly situated individuals,                    Case No.

       Plaintiff,                                        Hon.

V

COMMUNITY RESIDENCE CORPORATION,

       Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Sheila Denise Piddock, by and through her attorneys,

HURWITZ LAW PLLC, and hereby demands a jury trial in the above-captioned

matter for all issues so triable.

                                      Respectfully Submitted,
                                      HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
617 Detroit St., STE 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: April 5, 2022