UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheila Denise Piddock,

          Plaintiff,          Case No. 22-cv-10715

v.                                    Judith E. Levy
                                    United States District Judge

Community Living Network,
                                    Mag. Judge Curtis Ivy, Jr.

          Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE [25]**

Plaintiff Sheila Denise Piddock brings this proposed collective action against Defendant Community Living Network under the Fair Labor Standards Act ("FLSA"). Before the Court is Plaintiff's renewed motion for conditional certification[1] and notice under § 216(b) of the

---

[1] Plaintiff's motion requests that the Court "conditionally certify" the action. (ECF No. 25, PageID.658.) However, the Sixth Circuit in *Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023) firmly rejected any notion that court-facilitated notice could be characterized as "certification." *Id.* at 1009 ("[U]nder Rule 23, the district court certifies the action itself as a class action; whereas in an FLSA action, under § 216(b), the district court simply adds parties to the suit. Hence

FLSA. (ECF No. 25.) For the reasons set forth below, Plaintiff's motion is DENIED.

I. **Background**

Plaintiff alleges in her amended complaint that "Defendant is a third-party employer"[2] that "employs Plaintiff and other Direct Care Staff for companionship services, namely the fellowship and protection of individuals with disabilities who require assistance in caring for themselves." (ECF No. 3, PageID.17, 20.) She claims that Defendant does not compensate her or other Direct Care Staff at the overtime rate for their hours worked in excess of forty hours per week, in violation of the FLSA. (*Id.* at PageID.17–18.) Plaintiff states that Defendant willfully

---

the term 'certification' has no place in FLSA actions."). As such, the Court will refer to Plaintiff's motion as a motion for court-facilitated notice.

[2] Defendant argues that it is not actually the employer of Direct Care Staff. (*See, e.g.*, ECF No. 28, PageID.1108.) Defendant calls itself a "fiscal intermediary." (*Id.* at PageID.1101.) It explains that people with disabilities, or their guardians or conservators, cannot use Medicare funds to pay direct care workers unless the funds go through a fiscal intermediary like Defendant. (*Id.* at PageID.1101–1102.) As set forth below, the Court will not determine if Defendant is an employer; thus, it will refer to the people with disabilities, or their guardians or conservators, as "consumers." (*See id.* at PageID.1103 (referring to "employers of record" as "consumers").)

2

violated the FLSA because it knew of the FLSA's overtime payment requirement and failed to comply with it. (*Id.* at PageID.22, 24–25.)

Plaintiff originally filed her motion for conditional certification on December 16, 2022, after conducting limited discovery on this issue. (ECF No. 15.) However, on May 19, 2023, the United States Court of Appeals for the Sixth Circuit issued *Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023), which created a new standard for sending court-facilitated notices to potential plaintiffs in collective action suits. Plaintiff filed a notice notifying the Court of this decision on May 24, 2023, and the Court held a status conference with the parties on June 5, 2023. During the status conference, Plaintiff made an oral motion to withdraw her motion for conditional certification (ECF No. 15) and for additional discovery to bring a new motion under the standard set forth in *Clark*. (June 6, 2023 Text-Only Order.) The Court granted these oral motions.

Plaintiff timely filed her renewed motion for court-facilitated notice on November 3, 2023. (ECF No. 25.) The motion is fully briefed. (ECF Nos. 25, 28, 29.) On February 29, 2024, an in-person hearing was held and oral argument was heard on Plaintiff's motion.

## II. Legal Standard

Section 207 of the FLSA requires employers to compensate their employees at "a rate not less than one and one-half times the regular rate" of pay for time worked in excess of forty hours in any workweek. 29 U.S.C. § 207(a)(1). Under the FLSA, employees may sue on their own behalf and for "similarly situated" persons to collectively recover unpaid overtime compensation from their employer. 29 U.S.C. § 216(b); *see also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). In order to join the suit, the plaintiff "must actually be 'similarly situated,'" and "must signal in writing their affirmative consent to participate in the action." *Comer*, 454 F.3d at 546.

A court may facilitate notice of an FLSA suit to potential plaintiffs, so that they may "opt in" to the suit. Under the new standard articulated in *Clark*, "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that [other employees] are similarly situated to the plaintiffs themselves" at the notice determination stage. *Clark*, 68 F.4th at 1011. "That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance."

4

*Id.* Determining if the plaintiff and other employees are "similarly situated" is a fact-based inquiry, and the plaintiff holds this burden. *Id.* at 1010–1011. At this stage, the court does not determine issues that go to the merits of the claim. *See Doe v. Coliseum, Inc.*, No. 2:20-CV-10845-TGB-MJH, 2023 WL 6420792, at *2–3 (E.D. Mich. Sept. 30, 2023) ("Importantly, '[a]t the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues.'") (quoting *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

### III. Analysis[3]

In her "motion for conditional certification and notice," Plaintiff seeks court-approved notice for a proposed collective of:

---

[3] The parties submitted arguments on whether Defendant employs Plaintiff and other Direct Care Workers. (ECF No. 25, PageID.681–686; ECF No. 28, PageID.1108–1116.) The Court will not determine this issue at this stage of the case because this is not the correct time to determine a merits issue. Courts in the Sixth Circuit do not consider merits questions, such as whether a defendant is an employer, when determining a motion for court-facilitated notice. *See Murphy v. Kettering Adventist Healthcare*, No. 3:23-cv-69, 2023 WL 6536893, at *6 (S.D. Ohio Oct. 5, 2023); *Hogan v. Cleveland Ave Restaurant, Inc.*, No. 2:15-cv-2883, 2023 WL 5745439, at *9 (S.D. Ohio Sept. 6, 2023); *see also Clark*, 68 F.4th at 1009 (rejecting the notice procedure articulated in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), which requires an initial merits inquiry).

> [a]ll current and former Direct Care Staff working with participants in Medicaid-funded Self-Directed Services programs and paid by the financial management system Community Living Network at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation who worked over 40 hours in a workweek since April 1, 2019 and were not paid time and a half for the hours worked in excess of 40.

(ECF No. 25, PageID.658.)

Plaintiff has not met her burden under the "strong likelihood" standard. Even under the former lenient standard, "courts in this District have not hesitated to deny conditional class certification in FLSA actions when they have found that the evidence proffered by the individual plaintiff or plaintiffs was too conclusory, speculative, or scant to support a finding that the members of the proposed class were similarly situated." *Sutka v. Yazaki N. Am. Inc.*, No. 17-10669, 2018 WL 1255767, at *8 (E.D. Mich. Mar. 12, 2018) (collecting cases).

In determining if employees are similarly situated, courts look at several factors. Whether employees are similarly situated "typically depends on whether [other employees] performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Clark*, 68 F.4th at 1010.

6

Employees are similarly situated when they "suffer from a single, FLSA-violating policy" or if their claims "are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584–85 (6th Cir. 2009)) (internal quotation marks omitted). District courts have also considered "whether affidavits of potential plaintiffs were submitted and whether there is evidence of a 'widespread' discriminatory plan by a defendant." *Hutt v. Greenix Pest Control, LLC*, No. 2:20-CV-1108, 2023 WL 5670691, at *3 (S.D. Ohio July 12, 2023) (citing *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015)).

Plaintiff has not demonstrated a strong likelihood that that she and other Direct Care Staff are subject to "a single, FLSA-violating policy" deployed by Defendant, or that their claims are "unified by common theories of [Defendant's] statutory violations." *Monroe*, 860 F.3d at 398. Plaintiff argues that "Defendant's records and testimony demonstrate a strong likelihood that there is <u>a companywide FLSA violation of withholding overtime wages and paying straight time for hours worked</u>

7

over 40 per week." (ECF No. 25, PageID.687 (emphasis added).) In support, Plaintiff cites her pay records and the Michigan Department of Labor investigation related to another Direct Care Worker, Natalie Estiverne, which indicate that Plaintiff and Ms. Estiverne were paid straight time, instead of an overtime rate. (ECF No. 25, PageID.673–674 (citing ECF Nos. 25-5, 25-7.)) Plaintiff also cites the depositions of two of Defendant's employees: Melissa Frash (ECF No. 25-3) and Samuel Brown. (ECF No. 25-6.) Ms. Frash estimated that there were 10 to 15 workers who were paid straight time when they should have been paid overtime, and also that she received about 10 calls from workers asking why they were not paid overtime. (ECF No. 25-3, PageID.751, 764.) Ms. Frash was not asked about the time period for these estimates. (*Id.*) Mr. Brown stated that he had seen timesheets or payroll documents that indicated straight time paid instead of overtime pay but could not estimate a number. (ECF No. 25-6, PageID.884.)

Based on the evidence presented,[4] Plaintiff has not demonstrated a "unifying common theory of [Defendant's] statutory violations" or that

---

[4] Notably, Plaintiff has not provided a single declaration—not even her own. Typically, a plaintiff in an FLSA suit provides at least one declaration "alleg[ing] facts sufficient to support an inference that she has *actual knowledge* about other

8

Defendant has a single, FLSA-violating policy. *Monroe*, 860 F.3d at 398. Plaintiff argues that Plaintiff, Ms. Estiverne, and about 10 to 15 unidentified workers were not paid at the proper overtime rate. But Plaintiff does not establish that Defendant has a <u>general</u> policy of not paying its employees the correct overtime rate because the record shows that some workers *were* paid overtime. Attached to Plaintiff's motion are several email threads in which Defendant encourages individual "consumers" using Defendant's services to stay within budget by reducing the overtime hours of Defendant's employees. (*See* ECF Nos. 25-17; 25-18, PageID.1083.) These emails do not establish that Defendant had a company-wide practice of not paying its employees the proper overtime rate—if anything, Defendant's efforts to keep "consumers" within budget by reducing overtime hours suggests that some workers were properly paid for their overtime hours. Additionally, Plaintiff has

---

employees['] job duties, pay structures, hours worked, and whether they were paid for overtime hours." *See, e.g.*, *O'Neal v. Emery Fed. Credit Union*, No. 1:13-CV-22, 2013 WL 4013167, at *8 (S.D. Ohio Aug. 6, 2013). Although there is no threshold requirement for the number of declarations that a plaintiff must submit, *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 892 (S.D. Ohio 2016), "courts within this District have routinely declined to grant conditional certification based on allegations of a single employee." *Ward v. Guidant Glob. Inc.*, No. 20-CV-10283, 2021 WL 1589263, at *5 (E.D. Mich. Apr. 23, 2021). Further, the Court has not found a single case where court-facilitated notice was granted without a single declaration or affidavit.

identified over 2,000 possible opt-in plaintiffs (ECF No. 25, PageID.674 (citing ECF Nos. 25-8, 25-9).) It is difficult to conclude that there is strong likelihood of a "companywide FLSA violation" (ECF No. 25, PageID.687 (emphasis added)) when Plaintiff has only presented evidence of about 10 to 15 workers deprived of overtime, out of the pool of roughly 2,000 workers that Defendant compensated with Medicaid funds.

Further, Plaintiff does not present sufficient evidence that *Defendant* is the source of the alleged policy or practice resulting in improper overtime pay. *See Oglesby v. FedEx Ground Package Sys., Inc.*, No. 3:20-CV-346, 2023 WL 4740160, at \*4 (S.D. Ohio July 25, 2023) (ruling against issuing court-facilitated notice because the plaintiffs did not present evidence that the defendant "had any involvement in how the [employees] were compensated" or that the defendant's "policy, plan or decision affected the [employees'] alleged failure to receive overtime payments as required under the FLSA"). Plaintiff argues that Defendant "is responsible for paying the wages of [Direct Care staff] when a customer's [Individual Plan of Service] budget has a deficit." (ECF No. 25, PageID.676.) In support, Plaintiff cites Ms. Frash's deposition testimony, where she stated that Defendant "loses money" when the

10

consumer goes beyond the budget. (*Id.* (citing ECF No. 25-3, PageID.772).) Plaintiff also references Defendant's internal communications: Defendant's Executive Director wrote in an email that "[d]eficits are the funds that we have to absorb whether it is our error or not at the end of an authorization period." (ECF No. 25-15, PageID.1069.) However, nothing Plaintiff cites demonstrates that it is Defendant's *responsibility* to pay; instead, it appears that Defendant has paid these deficits in the past but has no responsibility to do so. For example, in that same email, Defendant's Executive Director writes that their agreements with the consumers "all state clearly that reimbursement for Medicaid approved services is dependent on availability of Medicaid funds." (*Id.*)

Furthermore, Defendant argues that it pays wages according to what the "employer of record" (*i.e.*, the consumer or guardian/conservator) decides, that its actions are not discretionary, and that it simply processes what the [Employer of Record] submits." (ECF No. 28, PageID.1119 (citing ECF No. 26-2, PageID.729).) While Plaintiff disputes Defendant's alleged lack of responsibility over setting wages (ECF No. 25, PageID.676), she has not offered sufficient evidence to the contrary nor an alternative explanation for the discrepancies between

11

some workers receiving overtime pay and others receiving straight time pay for overtime hours. As a result, Plaintiff has not demonstrated that she and the other potential plaintiffs have a strong likelihood that they are similarly situated.

In sum, the evidence in the record does not show that Plaintiff and other employees are similarly situated, and that Defendant had a company-wide overtime policy that violates the FLSA. Because Plaintiff does not make this showing, the requirements for court-facilitated are not met. Accordingly, Plaintiff's motion is denied.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for court-facilitated notice under § 216(b) of the FLSA. (ECF No. 25.)

IT IS SO ORDERED.

Dated: May 15, 2024                   s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                                      United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2024.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager